```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ANNA FU,                              :

              Plaintiff,              :    16 Civ. 4017 (RA)(HBP)

    -against-                         :    OPINION
                                           AND ORDER
CONSOLIDATED EDISON COMPANY           :
OF NEW YORK, INC.,
                                      :
              Defendant.
                                      :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I. Introduction

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("CRA"), 42 U.S.C. §§ 2000e et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C §§ 621 et seq., against her former employer, Consolidated Edison Company of New York, Inc. ("ConEd"), alleging that she was the victim of illegal discrimination and retaliation. Defendant has moved for sanctions against plaintiff for failing to appear at her deposition on January 17, 2018 and failing to appear at a discovery conference on February 27, 2018 (Letter from Richard A. Levin, Esq. to the Honorable Ronnie Abrams, dated Jan. 17, 2018 (Docket Item ("D.I.") 45) ("Levin Jan. 17 Letter"); Letter from Richard A. Levin, Esq. to the undersigned, dated Mar. 13, 2018


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/13/18

(D.I. 53) ("Levin Mar. 13 Letter")). For the reasons set forth below, defendant's motion is granted in part and denied in part.

II. Facts

Plaintiff was represented by counsel in this matter until September 8, 2017. Bryan J. An, Esq. represented plaintiff until July 31, 2017 when she retained Matthew Brian Weinick, Esq. (Stipulation and Order of Substitution of Counsel, dated July 31, 2017 (D.I. 28)). However, on September 8, 2017, the Honorable Ronnie Abrams, United States District Judge, granted Mr. Weinick's motion to withdraw as plaintiff's counsel because of a "breakdown of the attorney-client relationship" (Order, dated Sept. 8, 2017 (D.I. 35); see also Letter Motion to Withdraw, dated Sept. 5, 2017 (D.I. 32)). Since that time, plaintiff has proceeded pro se.

Plaintiff has sought to extend the discovery and deposition deadlines approximately five times. According to defense counsel, he has attempted to schedule plaintiff's deposition multiple times since June 2017, but plaintiff claimed to be unavailable on the dates he proposed (Levin Mar. 13 Letter at 1). On November 6, 2017, Judge Abrams extended the time to complete depositions to January 19, 2018 at plaintiff's request (Endorsed Order, dated Nov. 6, 2017 (D.I. 42)). Defense counsel contends that he agreed not to schedule plaintiff's deposition until she

2

had more time to retain new counsel (Levin Mar. 13 Letter at 2). However, when defense counsel did not hear from plaintiff, he emailed her on January 10, 2018 and proposed two dates for her deposition -- January 17, 2018 or January 19, 2018 -- that would comply with Judge Abrams' discovery schedule (Email from Richard A. Levin, Esq. to plaintiff, dated Jan. 10, 2018 ("Levin Jan. 10 Email"), annexed to Letter from plaintiff to Judge Abrams, dated Jan. 14, 2018 ("Pl. Jan. 14 Letter") (D.I. 43) at 3). Instead of identifying a preferred date, plaintiff emailed defense counsel two days later stating that she was still "in the process of securing an attorney" and would agree to a date only after she had obtained one (Email from plaintiff to Richard Levin, Esq., dated Jan. 12, 2018 ("Pl. Jan. 12 Email"), annexed to Pl. Jan. 14 Letter (D.I. 43) at 3). Defense counsel explained that the deposition must proceed pursuant to Judge Abrams' scheduling order and sent plaintiff a notice of deposition for January 17, 2018 at 10:00 a.m. (Email from Richard A. Levin, Esq. to plaintiff, dated Jan. 12, 2018 ("Levin Jan. 12 Email"), annexed to Pl. Jan. 14 Letter (D.I. 43) at 2; Notice of Deposition, dated Jan. 11, 2018, annexed to Pl. Jan. 14 Letter (D.I. 43) at 5).

Upon receiving this notice of deposition, plaintiff sent a letter to Judge Abrams on January 14, 2018, claiming that defendant scheduled her deposition "without her consent" and requested that Judge Abrams appoint her an attorney to accompany

her to the deposition (Pl. Jan. 14 Letter).[1] Judge Abrams denied this request without prejudice on January 16, 2018 and specifically stated that "[p]laintiff's January 14, 2018 request for counsel shall present no obstacle to the deposition scheduled for January 17, 2018" (Order, dated Jan. 16, 2018 (D.I. 44) ("Jan. 16 Order") at 2). Plaintiff did not appear for her deposition on January 17, 2018.

I then scheduled a discovery conference for February 27, 2018 at 10:00 a.m. to address plaintiff's failure to appear. Plaintiff also did not appear on time for the scheduled conference. Defense counsel and I waited until 10:35 a.m. and when plaintiff still had not arrived, I issued an Order requiring plaintiff to show cause in writing why the complaint in this matter should not be dismissed and/or monetary sanctions imposed for plaintiff's failure to appear at her deposition and the discovery conference (Order to Show Cause, dated Feb. 27, 2018 (D.I. 51) at 1). I was later informed that plaintiff arrived for the discovery conference at approximately 10:40 a.m.; however, defense counsel had already left the courthouse.

Plaintiff maintains that she did not appear for her deposition because defense counsel made "threats" against her and "triggered an anxiety attack" that made her sick and that she was

---

[1] Plaintiff did not send her January 14 Letter to defense counsel. However, she submitted it to the court's pro se office and it was docketed on January 16, 2018.

late to the discovery conference because she was stuck in traffic (Letter from plaintiff to the undersigned, dated Mar. 8, 2018 (D.I. 52) ("Pl. Mar. 8 Letter") at 1). She has, however, submitted no medical evidence in support of her claim of illness. Defendant moves to dismiss the complaint, or in the alternative, for monetary sanctions pursuant to Fed.R.Civ.P. 37 (Levin Mar. 13 Letter).

III. Analysis

A. Rule 37

Rule 37(d) authorizes sanctions whenever "a party . . . after being served with proper notice, [fails] to appear for [their own] deposition." Fed.R.Civ.P. 37(d)(1)(A)(i); see also Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (Rule 37 sanctions authorized against pro se litigants who fail to attend their own depositions); Williams v. LaRock, 13-CV-0582 (GTS/DEP), 2017 WL 4861492 at *2 (N.D.N.Y. Sept. 27, 2017) (Report & Recommendation), adopted at, 2017 WL 4857582 (N.D.N.Y. Oct. 25, 2017) ("Rule 37(d) permits the court to issue appropriate sanctions based upon the failure of a party to appear for deposition after being served with proper notice."); Dauphin v. Chestnut Ridge Transp. Inc., 06 Civ. 2730 (SHS), 2009 WL 5103286 at *2 (S.D.N.Y. Dec. 28, 2009) (Stein, D.J.) (adopting Report & Recommendation of Dolinger, M.J.) ("[Rule 37] authorizes a range

5

of sanctions, including dismissal, that may be imposed on a party for failing to attend a deposition . . . .").

"Rule 37(d) authorizes the same range of sanctions offered in Rule 37(b) against a party for failing to attend his or her deposition." Williams v. LaRock, supra, 2017 WL 4861492 at *2 (internal quotation marks and citations omitted); accord In re Bear Stearns Cos., Secs., Derivative, & Erisa Litig., 308 F.R.D. 113, 119 (S.D.N.Y. 2015) (Sweet, D.J.) (Rule 37(b), as incorporated by reference in Rule 37(d), sets out sanctions for failing to appear for a scheduled deposition). Pursuant to Rule 37(b), the court is also authorized to impose sanctions against a party who "fails to appear at a scheduling or other pre-trial conference." Mercedes v. Tito Transmission Corp., 15 Civ. 1170 (CM)(DF), 2017 WL 1274277 at *6 (S.D.N.Y. Apr. 5, 2017) (McMahon, D.J.) (adopting Report & Recommendation of Freeman, M.J.); see also Patino v. Avalon Bay Communities, Inc., CV 14-2376 (LDW)(AYS), 2016 WL 8677284 at *3 (E.D.N.Y. Jan. 8, 2016).

The factors relevant to the determination of the appropriate sanction under Rule 37(b) include: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." Agiwal v. Mid Island Mortg. Corp., supra, 555 F.3d at 302-03

6

(quotation marks and citations omitted); accord Bhagwanani v. Brown, 665 F. App'x 41, 42-23 (2d Cir. 2016) (summary order); Metro Found. Contractors v. Arch Ins. Co., 551 F. App'x 607, 609 (2d Cir. 2014) (summary order).

"Because dismissal with prejudice is a particularly 'harsh remedy,' . . . it should only be used when a court finds 'willfulness, bad faith, or any fault' by the non-compliant party." Bhagwanani v. Brown, supra, 2016 WL 6561486 at *1 (citation omitted); see also Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007) (dismissal should not be imposed absent "willfulness, bad faith, or any fault" on the part of the party that failed to comply with its discovery obligations (internal quotation marks and citations omitted)); West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999) ("[B]ecause dismissal is a drastic remedy, it should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions." (internal quotation marks and citations omitted)); Metro. Opera Ass'n v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union, 212 F.R.D. 178, 219 (S.D.N.Y. 2003) (Preska, D.J.) ("In Rule 37 cases, intentional behavior, actions taken in bad faith, or grossly negligent behavior justify severe disciplinary sanctions.").

The decision to impose sanctions "is committed to the sound discretion of the district court and may not be reversed

absent an abuse of that discretion." Luft v. Crown Publishers, Inc., 906 F.2d 862, 865 (2d Cir. 1990), citing, inter alia, Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642 (1976) (per curiam); see Doe v. Delta Airlines Inc., 672 F. App'x 48, 49 (2d Cir. 2016) (summary order) (a district court has broad discretion in fashioning an appropriate sanction).

### B. Application of the Foregoing Principles

In considering the relevant factors set forth above, I find that the imposition of reasonable attorney's fees and costs is the appropriate sanction here, rather than dismissal of the action.

#### 1. Dismissal

While there is evidence that plaintiff's nonappearance for her deposition was willful, the remaining three factors weigh against dismissal.

First, the lesser sanction of requiring plaintiff to reimburse defendant for the attorney's fees and costs it incurred as a result of plaintiff's failure to appear for her deposition and the February 27 discovery conference is sufficient to ensure plaintiff's compliance with future discovery orders and will adequately remedy any prejudice suffered by defendant. See Ocello v. White Marine, Inc., 347 F. App'x 639, 641-42 (2d Cir.

8

2009) (summary order) (monetary sanctions short of dismissal can be sufficient to compensate a party for substantial costs incurred by an opposing party's obstructive conduct during discovery); accord Ying Kuang v. Genzyme Genetics Corp., 11 Civ. 6346 (AJN), 2012 WL 13059497 at *9 (S.D.N.Y. Nov. 28, 2012) (Nathan, D.J.).

Second, plaintiff's duration of noncompliance spans a little over a month. Although plaintiff has repeatedly sought to extend the discovery deadlines, defense counsel never objected to these requests and they were granted by Judge Abrams. This does not constitute a long history of noncompliance sufficient to warrant dismissal of the action. See Skates v. Shusda, 14-CV-1092 (TJM/DEP), 2017 WL 4863065 at *3 (N.D.N.Y. Sept. 27, 2017) (Report & Recommendation), adopted at, 2017 WL 4863087 (N.D.N.Y. Oct. 26, 2017) (plaintiff's five-month delay after failing to appear for two depositions warranted dismissal of the action); Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc., 99 Civ. 9311 (SAS), 2000 WL 1677984 at *2 (S.D.N.Y. Nov. 8, 2000) (Scheindlin, D.J.) (plaintiff's four-month delay after failing to appear for two depositions warranted dismissal of the action).

Third, while it appears plaintiff was advised by defense counsel and the court that she was required to appear for her deposition and the discovery conference, she was not warned

by the court that a failure to appear could result in the dismissal of her claims. Generally, the harsh remedy of dismissal is appropriate only after specific and repeated warnings that noncompliance will result in the dismissal of the complaint. See Labib v. 1141 Realty LLC, 10 Civ. 8357 (MHD), 2013 WL 1311002 at *9 (S.D.N.Y. Mar. 29, 2013) (Dolinger, M.J.) (dismissal of plaintiff's complaint appropriate where defendants filed two prior motions to dismiss based on plaintiff's nonappearance and the court specifically informed plaintiff that his continued noncompliance would result in a dismissal).

Given that dismissal of an action is "one of the harshest sanctions at a trial court's disposal" and should be "reserved for use only in the most extreme circumstances," I find that plaintiff's conduct here does not warrant such a drastic remedy. U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 251 (2d Cir. 2004); see also Conklin v. Bowen, 14-CV-1098 (GLS/CFH), 2016 WL 4046911 at *3 (N.D.N.Y. Apr. 25, 2016) (Report & Recommendation), adopted at, 2016 WL 4033200 (N.D.N.Y. July 27, 2016) ("A dismissal is a particularly harsh remedy, especially when invoked against a pro se plaintiff.").

2. Monetary Sanctions

Although I find that dismissal is not warranted at this time, plaintiff's conduct is by no means excusable. Rule 37

10

permits a wide variety of other sanctions if a party fails to appear for their deposition or a scheduled pre-trial conference. See Fed.R.Civ.P. 37(b); Fed.R.Civ.P. 37(d); Williams v. LaRock, supra, 2017 WL 4861492 at *2; Rodriguez v. Clark, 16-cv-390 (CSH), 2017 WL 2369367 at *3 (D. Conn. May 31, 2017). "Where a party fails to appear for a deposition, Rule 37(d) requires cost shifting: 'the court must require the party failing [to appear] to pay the reasonable expenses, including attorney's fees, caused by that failure.'" In re Bear Stearns Cos., Secs., Derivative, & Erisa Litig., supra, 308 F.R.D. at 126, quoting Fed.R.Civ.P. 37(d)(3); see also Rodriguez v. Clark, supra, 2017 WL 2369367 at *3. "Cost-shifting is excused only where the failure to appear was substantially justified or other circumstances make an award of expenses unjust." In re Bear Stearns Cos., Secs., Derivative, & Erisa Litig., supra, 308 F.R.D. at 126 (internal quotation marks and citations omitted); John Wiley & Sons, Inc. v. Book Dog Books, LLC, 298 F.R.D. 145, 148 (S.D.N.Y. 2014) (Gorenstein, M.J.). Because I find that plaintiff's failure to appear for either the deposition or the February 27 conference was not substantially justified, plaintiff is liable for defendant's attorney's fees and costs incurred in connection with both. See Conklin v. Bowen, supra, 2016 WL 4046911 at *3 (granting defendant's request for monetary sanctions in the amount of expenses incurred after pro se plaintiff failed to appear for his deposi-

11

tion).

Plaintiff first argues that she should not be sanctioned because six days was "an unreasonable amount of time for notice of deposition" (Pl. Mar. 8 Letter at 1). Pursuant to Rule 30(b)(1), a party who seeks to depose another party must give them "reasonable notice." Fed.R.Civ.P. 30(b)(1). "'Neither the Federal Rules of Civil Procedure nor the Rules of this Court require any specific minimum notice period; all that is required is that the notice be reasonable under the circumstances.'" Brissett v. Manhattan & Bronx Surface Transit Operating Auth., 09-CV-874 (CBA)(LB), 2011 WL 1930682 at *2 (E.D.N.Y. May 19, 2011), aff'd, 472 F. App'x 73 (2d Cir. 2012) (summary order), quoting Davidson v. Dean, 204 F.R.D. 251, 256 (S.D.N.Y. 2011) (Marrero, D.J.) (adopting Report & Recommendation of Pitman, M.J.); accord JB Aviation, LLC v. R Aviation Charter Servs., LLC, CV-14-5175 (DRH)(AKT), 2016 WL 4444794 at *3 (E.D.N.Y. Aug. 23, 2016).

While six days is at the shorter end of the spectrum of reasonable notice, the Second Circuit has held that even four days' notice of deposition is not unreasonable as a matter of law. See F.A.A. v. Landy, 705 F.2d 624, 634 (2d Cir. 1983). It is also well settled that "the reasonableness of notice must be determined in light of the facts and circumstances of the individual case." Davidson v. Dean, supra, 204 F.R.D. at 256; accord

12

JB Aviation, LLC v. R Aviation Charter Servs., LLC, supra, 2016 WL 4444794 at *3; Brissett v. Manhattan & Bronx Surface Transit Operating Auth., supra, 2011 WL 1930682 at *2. Considering the procedural history of this action, defense counsel's notice of deposition was clearly reasonable. Defense counsel attempted to schedule plaintiff's deposition for over seven months. The plaintiff's deposition was originally scheduled for September 6, 2017, however, it was cancelled the day before due to Mr. Weineck's request to be relieved as plaintiff's counsel. Defense counsel thereafter agreed to postpone plaintiff's deposition as long as possible as a courtesy for her to retain new counsel. After more than two months passed, defense counsel provided plaintiff the choice of two dates prior to the deposition deadline of January 19, 2018 that had been ordered by Judge Abrams. When plaintiff did not respond to defense counsel's request, he provided her with a notice of deposition for January 17, 2018.

Given these facts, it is difficult to conclude that plaintiff was not provided with adequate notice. Plaintiff was well aware of the January 19, 2018 deposition deadline considering it was extended to that date at her request. It is also undisputed that plaintiff received the notice of deposition on January 12, 2018 because she admitted this to Judge Abrams in her written request for the appointment of counsel (Pl. Jan. 14 Letter at 1). Thus, I find that defendant's notice of deposition

13

was reasonable.

Furthermore, even if I were to find defendant's notice of deposition deficient, it is well established that any defect in the notice of deposition does not excuse a witness' attendance unless a timely objection is made. Davidson v. Dean, supra, 204 F.R.D. at 256 (rejecting pro se plaintiff's argument that he should not be sanctioned for failing to appear for his deposition because he only received notice eight days beforehand); accord Kamps v. Fried, Frank, Harris, Shriver & Jacobson LLP, 274 F.R.D. 115, 118-19 (S.D.N.Y. 2011) (Fox, M.J.); Cerami v. Robinson, 85 F.R.D. 371, 372 (S.D.N.Y. 1980) (MacMahon, D.J.). Plaintiff's January 14 letter did not state any specific objections to the date of her deposition or convey any scheduling conflicts or other obstacles to her attending her deposition. Plaintiff's only gripe was that she wished to be appointed counsel. Judge Abrams explicitly ruled that plaintiff must attend her scheduled deposition on January 17 (Jan. 16 Order at 2). Moreover, plaintiff even admits that she made no attempts to contact defense counsel to reschedule the deposition or to inform him that she would not appear on January 17 (Pl. Mar. 8 Letter at 1). It was only after defense counsel contacted her twice on January 17 that plaintiff called defense counsel at 11:49 a.m. to inform him she would not be appearing -- almost two hours after the deposition was scheduled to commence (Pl. Mar. 8 Letter at 1).

14

Plaintiff next argues that she should not be sanctioned because defense counsel's "threats" in his January 12 email triggered her to suffer an anxiety attack and caused her to be too sick to attend her deposition (Pl. Mar. 8 Letter). Plaintiff grossly mischaracterizes the email exchange between herself and defense counsel. The email exchange reads in its entirety as follows:

> Ms. Fu, I need to schedule your deposition. I can do either Wednesday Jan. 17 or Friday Jan. 19. Do you have a preference? The deposition would be at 4 Irving Place, starting at 10:00 a.m. and going all day (Levin Jan. 10 Email).
>
> Mr. Levin, I am in the process of securing an attorney. I will get back to you as soon as I have an attorney (Pl. Jan. 12 Email).
>
> Ms. Fu, You have been through several sets of attorneys, and you have been looking for another for several months. This cannot continue. By order of the court depositions must be completed next week. Therefore, attorney or not, I expect that you appear for the deposition as scheduled on January 17. If not, I will have no alternative but to bring the matter to the attention of Judge Abrams and ask that your case be dismissed for failure to prosecute (Levin Jan. 12 Email).

Defense counsel did not threaten or respond inappropriately in any way to plaintiff. He merely correctly informed her that she was required to attend the January 17 deposition whether she was represented by counsel or not, just as Judge Abrams did a few days later (see Jan. 16 Order). Furthermore, as discussed above, plaintiff never informed defense counsel that she was too ill to attend the deposition and never submitted any evidence

15

from a physician to support this claim.

Thus, I find that plaintiff has offered no valid excuse for her failure to attend her deposition.

Lastly, plaintiff maintains that she should not be sanctioned because her failure to appear for the February 27 discovery conference was due to "unusually high traffic" (Pl. Mar. 8 Letter at 1). I similarly reject this argument. Plaintiff resides in New Hyde Park in Nassau County. I take judicial notice of the fact that there is frequent train service into Manhattan and Brooklyn from New Hyde Park and other, nearby stations. Door-to-door travel time from New Hyde Park to the courthouse by public transportation is no more than 75 minutes. Rush hour traffic in the New York metropolitan area is notoriously terrible,[2] and, thus, driving into Manhattan during rush hour is always a risky undertaking. As an educated and long-time New Yorker (plaintiff is an engineer and has worked for defendant for more than 30 years), plaintiff should have either taken public transportation, or left sufficiently early to arrive at the courthouse on time. While I understand that plaintiff is now proceeding pro se, "[a]ll litigants, including pro ses, have an obligation to comply with court orders [and] [w]hen they flout that obligation they, like all litigants, must suffer the conse-

---

[2]The Long Island Expressway, one of the major arteries from Nassau County into Manhattan, has repeatedly been referred to in popular culture as "the world's longest parking lot."

16

quences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).

Thus, I also find that plaintiff's failure to appear at the February 27 discovery conference was not substantially justified.

C. Summary

Accordingly, I find that an appropriate sanction is an Order directing plaintiff to reimburse defendant for reasonable attorney's fees and costs that it incurred as a result of plaintiff's failure to appear at her January 17 deposition and the February 27 discovery conference. However, defendants have not submitted any contemporaneous time records or supporting documentation to enable me determine what those reasonable attorney's fees and costs are. Therefore, if defendant wishes to recover those fees and costs, it must submit contemporaneous time records and supporting documentation within 30 days of this Order. See Rodriguez v. Clark, supra, 2017 WL 2369367 at *6.

IV. Conclusion

Accordingly, for all the foregoing reasons: (1) defendant's motion to dismiss is denied; (2) defendant's motion for monetary sanctions is granted; (3) defendant shall submit contemporaneous time records and supporting documentation to

recover reasonable attorney's fees and costs no later than thirty (30) days from the issuance of this Order and (4) **absent an agreement between the parties, plaintiff is hereby ORDERED to appear for her deposition at 4 Irving Place, New York, New York on Friday, September 28, 2018 at 10:00 a.m. Should the parties agree to an alternative date, that date shall be no later than thirty (30) days from the issuance of this Order. PLAINTIFF IS WARNED THAT AN UNJUSTIFIED FAILURE TO APPEAR FOR THIS DEPOSITION WILL RESULT IN FURTHER SANCTIONS, WHICH MAY INCLUDE THE DISMISSAL OF THE ACTION WITH PREJUDICE.**

Dated:   New York, New York
         September 13, 2018

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge


Copy transmitted to:

Counsel for Defendant


Copy mailed to:

Anna Fu
161 Wilton Street
New Hyde Park, New York 11040